UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMAJ RAMONE LAWSON,

        Petitioner,                     Case No. 1:14-cv-185

v.                                       Honorable Janet T. Neff

CARMEN D. PALMER,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Michigan Reformatory. Petitioner and his co-defendant were accused of assaulting, robbing and shooting D'Andre Jordan in Muskegon Heights during the early morning hours of January 8, 2009. Petitioner was tried before a jury in the Muskegon County Circuit Court on June 20, 2010. The Michigan Court of Appeals provided the following summary of the evidence presented at trial:

> Early in the morning of January 8, 2009, the victim in this case, D'Andre Jordan was walking through a neighborhood when two men assaulted, robbed, and shot him with a handgun. Witnesses testified that one of the assailants wore a dark jacket, knit hat, and light blue jeans. They further testified that this assailant shot at a passing truck, and then threw a beer bottle into a nearby front yard before fleeing the scene. Jordan died from the gunshot wounds and police forensics determined that the same type of bullet the police found in Jordan's body was also found in the truck at which one of the assailants shot.
>
> When the police questioned defendant about the incident, defendant told the police that he was one of the assailants and that he stole Jordan's cellular telephone. He also told the police that he threw a beer bottle into the yard. However, defendant said that the other suspect in the case, Rodreakes Fountain, shot Jordan. However, statements from witnesses who saw defendant testified that defendant was wearing a black jacket, knit hat, and light blue jeans about 3:00 a.m. that morning. A witness also testified that they observed defendant with what appeared to be blood on his light blue jeans shortly after the shooting. The gun used to kill D'Andre Jordan was never recovered.

*People v. Lawson*, No. 299798, 2011 WL 5965799, at *1 (Mich. Ct. App. Nov. 29, 2011). At the conclusion of the trial, the jury found Petitioner guilty of first-degree felony murder, MICH. COMP. LAWS § 750.316. On July 9, 2010, the trial court sentenced Petitioner as a second habitual offender, MICH. COMP. LAWS § 769.12, to life imprisonment without the possibility of parole, to be served concurrently with another sentence from a separate case.

Petitioner raised one issue on direct appeal, claiming that the trial court abused its discretion by admitting evidence under M.R.E. 404(b) that Petitioner had shot someone else during

an unrelated past incident. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on November 29, 2011. *See Lawson*, 2011 WL 5965799. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on January 25, 2013. *See People v. Lawson*, 825 N.W.2d 85 (Mich. 2013). In his application for habeas corpus relief, Petitioner raises the same claim that was presented to and rejected by the Michigan appellate courts.

### **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme

Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

## Discussion

The prosecutor brought a pre-trial motion to admit evidence under M.R.E. 404(b) that Petitioner shot Andrea Raglin on March 7, 2008, less than a year before the shooting at issue in this case. Michigan Rule of Evidence 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

For evidence of prior bad acts to be admissible under M.R.E. 404(b), the prosecution must prove that: (1) it is offering the evidence to prove something other than defendant's bad character or criminal propensity; (2) the evidence is relevant under M.R.E. 402; and (3) the probative value of the evidence is not substantially outweighed by unfair prejudice under M.R.E. 403. *People v VanderVliet*, 508 N.W.2d 114, 126 (Mich. 1993), *amended by People v VanderVliet*, 520 N.W.2d 338 (Mich. 1994).

The prosecutor argued that evidence of the 2008 shooting was relevant to show Petitioner's intent, knowledge, and opportunity regarding the charged offense. Specifically, the

prosecutor argued that, like the instant case, the weapon was not recovered in the 2008 shooting, which demonstrated Petitioner's ability to obtain weapons and then make them disappear. The prosecutor further argued that the nature of the previous shooting would help to establish Petitioner's intent in this case. The trial court found that the prosecutor had identified an appropriate non-propensity use for the evidence, and, thus, granted the prosecutor's motion for admission of the evidence.

On direct appeal and in his habeas petition, Petitioner contends that the evidence was not relevant to this case because it involved a shooting in the kitchen of a residence during an argument, which was a completely different scenario from the shooting at issue in this case, which involved robbing and shooting a person on the street. As a result of these dissimilarities, Petitioner argues that the 2008 shooting could not be offered for any proper purpose, such as Petitioner's intent. He further claims that even if the evidence was relevant and was offered for a proper purpose, it was substantially outweighed by the danger of unfair prejudice.

The Michigan Court of Appeals concluded that the trial court did not abuse its discretion by admitting evidence regarding the 2008 shooting.[1] The Court stated:

> In this case, we cannot find that the trial court committed plain error by finding that the prosecution met the first two prongs of the test for admissibility under MRE 404(b). The 2008 evidence was admissible for the relevant and proper purposes of proving defendant's intent and plan, scheme, and system. Proving defendant's intent was a proper purpose because defendant placed the element of

---

[1]Before reaching the merits of Petitioner's claim, the court of appeals found that Petitioner had preserved his claim that the 2008 evidence was more prejudicial than probative, but had not preserved his additional claims on appeal that the evidence was neither relevant nor offered for a proper purpose under Mich. R. Evid. 404(b). Consequently, the court reviewed the unpreserved claims for plain error. When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). However, where the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003); *Cone v. Bell*, 243 F.3d 961, 971 (6th Cir. 2001), *rev'd on other grounds*, *Bell v. Cone*, 535 U.S. 685 (2002); *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

intent at issue by his denial of guilt. *VanderVliet*, 444 Mich at 78. (See also, *People v Starr*, 457 Mich 490, 501; 577 NW2d 673 (1998), holding that a defendant's plea of not guilty places all the elements of the charge at issue). Additionally, we find that evidence of the 2008 shooting was logically relevant to defendant's intent regarding the charged 2009 shooting because the two shootings were "of the same general category." *VanderVliet*, 444 Mich at 79-80. The 2008 evidence was also admissible for the proper and relevant purpose of showing defendant's plan, scheme, and system of shooting his victims and disposing of guns to avoid being connected to the shootings. Thus we concur with the trial court that the 2008 evidence was logically relevant to the charged offense because it supported an inference that defendant had a plan or system of disposing of guns, and it was used to refute defendant's theory that he was innocent because the police did not find him with the murder weapon. *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000); *People v Starr*, 457 Mich at 500-502. There was no plain error in the trial court's decision that the evidence was offered for a proper purpose and was logically relevant. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Regarding the third prong of the test for admissibility under MRE 404(b), the trial court did not abuse its discretion by finding that the danger of unfair prejudice did not substantially outweigh the evidence's probative value. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). "All evidence offered by the parties is 'prejudicial' to some extent, but . . . [i]t is only when the probative value is substantially outweighed by the danger of unfair prejudice that evidence is excluded." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995) (emphasis in the original). "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Ortiz*, 249 Mich App 297, 306; 642 NW2d 417 (2001), lv den 467 Mich 854 (2002). The trial court may try to limit the prejudicial effect by instructing the jury to consider the evidence only for its proper purpose. *VanderVliet*, 444 Mich at 75; *People v Watson*, 245 Mich App 572, 577; 629 NW2d 411 (2001), lv den 465 Mich 933 (2001), which is precisely what the trial court did in this case, thus minimizing the danger of unfair prejudice. *People v Crawford*, 458 Mich 376, 399 n 16; 582 NW2d 785 (1998). Review of the record in this case reveals that the trial court properly admitted the evidence and gave numerous limiting instructions to the jury as to the proper use of that evidence.[2] Consequently, we find no error, and defendant

---

[2]According to the Michigan Court of Appeals, the trial court gave the following limiting instructions during and at the conclusion of the trial:

*The Court*: [E]ither side can introduce what we call Other Acts evidence to show that somebody had a plan or a scheme or a particular intent on the day of the crime that is at trial. We're letting that in only for that purpose . . . . You can't decide that it shows that Mr. Lawson's a bad person. You cannot convict him here because you think he's guilty of other bad things.

*The Court*: You've heard evidence that was introduced that the defendant committed improper acts for which he is not on trial. If you believe this evidence you must be very careful to consider it for

has therefore failed to prove that admission of the evidence constituted an abuse of discretion as required for reversal. *Lukity*, 460 Mich at 495-496.

*Lawson*, 2011 WL 5965799, at *3.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552.

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on

---

certain purposes. You can only think about whether this evidence tends to show a) that the defendant specifically intended to shoot D'Andre Jordan; or b) that the defendant acted purposefully, that is not by accident or mistake or because he misjudged the situation; or c) that the defendant had the knowledge and opportunity to obtain and dispose of a firearm. You must not consider this evidence for any other purpose.

*Lawson*, 2011 WL 5965799, at *1-2.

a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Furthermore, "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, __ S. Ct. ___, 2014 WL 161242, at *8 (Apr. 23, 2014).

There is no clearly established Supreme Court precedent holding that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts evidence. In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. The Sixth Circuit has found that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Petitioner, therefore, cannot obtain habeas corpus relief.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   May 6, 2014                          /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge